IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**JAYLEN DALAINO BELL,**

  **Petitioner,**

v.            **Case No.: 2:24-cv-00233**

**WARDEN, SOUTH CENTRAL
REGIONAL JAIL AND
CORRECTIONAL FACILITY,**

  **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Currently pending is Petitioner Jaylen Dalaino Bell's *pro se* federal habeas petition pursuant to 28 U.S.C. § 2241, (ECF No. 1), and Respondent's Motion to Dismiss, (ECF No. 14). This case is assigned to the Honorable Frank W. Volk, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that Petitioner's petition, (ECF No. 1), be **DENIED;** Respondent's motion to dismiss, (ECF No. 14), be **GRANTED**; and this matter be **DISMISSED**, with prejudice, and removed from the docket of the court.

**I.**  **Relevant History**

Petitioner alleged in his § 2241 petition that he was "being held in South Regional Jail since 7/29/2023 by the County of Jackson in Ripley West Virginia 25271." (ECF No.

1 at 1). He listed state criminal case numbers and claimed that he was denied medical attention, bond, a civil suit, and the right to defend himself in a civil suit. (*Id.* at 2). Petitioner identified the date of the decision or action that he was challenging as January 24, 2024. (*Id.*). He explained that he filed a motion in state court on January 17, 20224, concerning "acute urgent medical attention required," but the motion was denied on January 24, 2024. (*Id.*). He did not appeal that ruling, but he appears to blame it on his attorney in the state proceedings. (*Id.* at 3). The only ground which Petitioner lists in his § 2241 petition is that a state judge deemed him guilty without a preliminary hearing for charges that occurred on July 29, 2023, and another state judge denied his civil claim against the other state judge. (*Id.* at 6).

On June 12, 2024, Petitioner was ordered to file a more definite statement that set forth the federal remedies that he seeks in this action and the factual basis for each remedy. (ECF No. 10). Petitioner subsequently filed a lengthy document concerning a supposed tort claim, (ECF No. 11), and an emergency motion to reconsider his state bond, (ECF No. 13). In response, Respondent filed a Motion to Dismiss, asserting that the petition should be dismissed because Petitioner is in state custody, and he seeks redress for matters concerning his state criminal case. (ECF No. 14). As such, Respondent argues that Petitioner does not articulate an actionable claim or remedy that implicates the United States. (*Id.* at 3).

On August 7, 2024, the Court advised Petitioner of the pending Motion to Dismiss. (ECF No. 15). He was allotted 60 days to respond and further advised that, ordinarily, a failure to respond to a motion to dismiss within the allowed time can support a conclusion that Respondent's contentions are undisputed, and it may result in dismissal of the Petition for Writ of Habeas Corpus. (*Id.*). Petitioner did not respond

2

to the Motion to Dismiss. On September 3, 2024, he was advised that this case was transferred to the undersigned due to Magistrate Judge Eifert's retirement. (ECF No. 16). The September Order was returned to the Court undeliverable because Petitioner was no longer in custody of the South Central Regional Jail. (ECF No. 17). However, the Court's earlier orders, such as the August Order concerning the Motion to Dismiss, have not been returned undeliverable. Petitioner has not updated his address with the Court. In addition, the state databases do not display any results for Petitioner's name or inmate number. *See* Offender Search, WV Division of Corrections & Rehabilitation, *available at* https://apps.wv.gov/OIS/OffenderSearch/RJA/Offender/Search and https://apps.wv.gov/OIS/OffenderSearch/DOC/Offender/Search (last accessed Jan. 6, 2025). Based on those findings, Petitioner no longer appears to be incarcerated.

## II.  Standard of Review

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (stating to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). Accordingly, the Court will assume that the facts alleged in the complaint, which is in this case the petition, are true and will draw all reasonable inferences in the nonmoving party's favor. *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). The purpose of Rule 12(b)(6) is "not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

While the Court "take[s] the facts in the light most favorable to the plaintiff, … [the Court] need not accept the legal conclusions drawn from the facts," and "need not

accept as true unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). A complaint fails to state a claim when, accepting the plaintiff's well-pleaded allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do" and a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

Court are required to liberally construe *pro se* complaints, such as the complaint filed herein. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>Discussion</u>

Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). State pretrial detainees, such as Petitioner, can only seek federal habeas corpus relief under § 2241 if they allege special or extraordinary circumstances that

impact a constitutional right, habeas relief would not result in dismissal of the pending criminal proceedings, and the pretrial detainee has exhausted all remedies prior to seeking habeas relief. *Johnson v. Francis*, No. CV 5:19-00609, 2022 WL 1040404, at *2 (S.D.W. Va. Mar. 11, 2022), *report and recommendation adopted,* 2022 WL 1042719 (S.D.W. Va. Apr. 6, 2022); *Johnson v. Salmon*, No. 7:22-CV-00081, 2022 WL 446033, at *1 n.3 (W.D. Va. Feb. 14, 2022). District Courts rarely, if ever, entertain pretrial detainees' petitions under § 2241, often finding that (1) the court should abstain from exercising jurisdiction and/or (2) the court does not have jurisdiction because petitioners have not exhausted available remedies. *Id.*

Here, Petitioner asserts various issues relating to pending state charges and potential civil rights or tort claims. However, he does not assert any basis for federal habeas relief under § 2241. At the time of filing his complaint, Petitioner was a state pretrial detainee, and he has evidently since been released. The bulk of his claims are likely moot due to his release. Regardless, Petitioner does not allege any circumstances that justify federal intervention in his state proceedings, nor does he show that he exhausted available remedies. He has not opposed Respondent's Motion to Dismiss in any manner. Even under the liberal *pro se* standard, it is unclear what federal relief Petitioner seeks. For all of those reasons, the undersigned **FINDS** that the petition should be dismissed.

IV.    **Proposal and Recommendations**

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that the § 2241 petition, (ECF No. 1), be **DENIED**; Respondent's motion to dismiss, (ECF No. 14), be **GRANTED**; and this matter be **DISMISSED**, with

prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Reeder.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**:  January 7, 2025



Joseph K. Reeder
United States Magistrate Judge